IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUN 21 2024 PM2:18
FILED - USDC - FLMD - TPA

NEFERTITI ABDULLAH,               )
                                  )
        Plaintiff,                )
                                  )        Civil Action No. 8:24 cv 1505 MSS-AAS
                                  )
v.                                )
                                  )        Jury Trial: No
FLORIDA BLUE/ GUIDEWELL           )
                                  )
        Defendants,               )
_____)

**COMPLAINT FOR EMPLOYMENT DISCRIMINATION**

Nefertiti Abdullah alleges as follows:

### I. NATURE OF ACTION

1.      This action is brought by Nefertiti Abdullah for declaratory, injunctive and equitable relief, as well as monetary damages, to redress Defendants' unlawful employment practices against Plaintiff, including its discriminatory treatment and harassment of Plaintiff due to her religion and disability and its unlawful retaliation against her after she complained about unlawful discrimination in the workplace against a male co-worker in violation of Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

### II. JURISDICTION AND VENUE

2.      This action is brought for discrimination in employment pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin). ("Title VII").

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in Middle District of Florida.

1

## III. ADMINISTRATIVE PROCEDURES

4.      Prior to the filing of this Complaint, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging violations of Title VII.

5.      Plaintiff's EEOC charge arises out of many of the same facts alleged herein that pertain to Defendant's failure to accommodate Plaintiff's disability and Plaintiff's Section 1981 retaliation claim.

6.      The EEOC completed its investigation of the charge and issued Plaintiff a Notice of Right to Sue letter.

7.      All other prerequisites to the filing of this suit have been met.

## IV. PARTIES

8.      Plaintiff **Nefertiti Abdullah** is a resident of Pasco County, Florida.
Home address: 3650 Lefays Point, Land O Lakes, Florida, 34638.
Email address: nsa1981@hotmail.com
Phone number: (813) 482-4100

At all relevant times, Plaintiff is and has been a resident of the State of Florida and met the definition of an "employee" under all applicable statutes.

9.      Defendant, **Florida Blue/Guidewell**, A Florida Corporation.
Principal place of business address: 4800 Deerwood Campus Parkway, Jacksonville, FL 32246.
Phone number: (800) 352 – 2583

Florida Blue/ Guidewell is engaged in the sale of health insurance plans in the state of Florida. At all relevant times, Florida Blue/ Guidewell has met the definition of an "employer" under all applicable statutes.

## V. FACTUAL ALLEGATIONS

10.      Defendant is a Florida Corporation engaged in the practice of selling health insurance plans.

11.      Defendant was Plaintiff's employer at the time of the alleged actions ensued.

2

12.    On (date), Plaintiff reported Victoria Bryant-Riggins, Cynthia Griffin for racial baiting, intimidation, and sexism in the forced resignation of Shandon Crawford.

13.    Plaintiff also reported that Medicare Fraud in adherence reporting had taken place at the Senior level as Kim Parker admitted to falsifying data that had been reported to Camille and reported to Medicare.

14.    CMS Fraud is serious, and Plaintiff had learned that for the last 3 years Florida Blue had been reporting fabricated data. Plaintiff informed the leadership that unless Prime (partially owned by FL Blue) was prepared to commit fraud as well, Florida Blue would be fined for each incident of fraudulent reporting of med adherence data. Kim Parker left that department, Shandon Crawford found out about the lack of supported data, and he was pushed into resignation by two black Christian women who used race baiting, victim blaming and sexism to force him into resignation and out of the company after he had been there in other departments for ten years.

15.    Plaintiff did not lie to CMS, nor did Plaintiff take part in falsifying medication adherence data reported to CMS like Dr. Riggins and Dr. Griffin.

16.    Plaintiff previously had concerns about dealing with Cynthia, yet Camille inexplicably redirected Plaintiff back to Cynthia. In response to Plaintiff's first request, Camille and Pat declined to meet with Plaintiff via Teams. This showed a chain reaction of corruption taking place.

17.    After reporting the violation against Shandon Crawford, Plaintiff had to attend a meeting on October 16, 2023, requested by management to talk about Plaintiff's performance and behavior. However, based on the actions of those involved, the meeting requestors were conducting a witch hunt. Diony Martinez, Plaintiff's manager, questioned her incoherently at the meeting. Additionally, Plaintiff became distressed and started throwing up during the meeting. The plaintiff informed all parties. Nobody showed any sign of concern. Plaintiff's manager merely showed Plaintiff cognitive dissonance.

18.    Plaintiff asserts that human resources and management at Florida Blue exploited her and violated her rights. Human resources and management at Florida Blue showed that they require proper training that teaches leadership how to engage with staff members who have mental health disabilities.

19.    Every level of management has violated Plaintiff's disability rights under Title 1 of the Americans with Disabilities Act (ADA) and violated Florida Blue policies.

3

20.     Due to Plaintiff being a whistleblower and reporting the above stated violation against Shandon Crawford, Plaintiff was the victim of retaliation brought on by management. By doing this Florida Blue violated Title VII.

21.     To the best of Plaintiff's knowledge, a thorough investigation was never completed following Plaintiff's reporting of the violation against Shandon Crawford, and the material parties' involvement in the occurrence had never been discussed. Furthermore, because of Plaintiff's role in trying to lookout for a fellow employee, Plaintiff became the victim to retaliation by the same parties who violated Shandon Crawford and forced him into resignation. Due to this retaliation, Plaintiff's livelihood was placed in jeopardy.

22.     Florida Blue ignored allegations of fraud, discrimination, and retaliation.

## VI. CLAIMS FOR RELIEF

23.      By the conduct described above, Defendants have:

(a)     Retaliated against Plaintiff for exposing unlawful employment practices against a male employee, in violation of Title VII;

(b)     Refused to provide accommodation of Plaintiff's disability, in violation of the ADA.

(c)     Harassed Plaintiff for her religious practices, in violation of Title VII; and

24.     Defendant's conduct described above was intentional, willful, and taken in disregard for the rights of others.

## VII. PRAYER FOR RELIEF

WHEREFORE, Nefertiti Abdullah prays that the Court enter an order that:

1.     Declares that Defendants' policies and practices, as alleged herein, violate Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin) and Title I of the Americans with Disabilities Act.

2.     Enjoins Defendants, their officers, employees, agents, successors, and all other persons in active concert or participation with any of them, from:

(a) Discriminating against any person based on religion in any aspect of employment practices.

4

(b) Failing or refusing to accommodate Plaintiff's disability.

(c) Failing or refusing to take such affirmative steps as may be necessary to restore Plaintiff, as nearly as practicable, to the position Plaintiff would have been in but for the discriminatory conduct from Defendant's unlawful practices; and

(d) Failing or refusing to take such affirmative steps to prevent the recurrence of any discriminatory conduct in the future and to eliminate, to the extent practicable the effects of Defendant's unlawful practices.

3. Awards monetary damages to Plaintiff, who was harmed by Defendant' conduct, pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

4. Assesses a civil penalty against the Defendant to vindicate the public interest in an amount authorized by compensatory and punitive damages as allowed in subsection (b) of the Title VII of the Civil Rights Act of 1964, in addition to any relief authorized by section 706 (g) of the Civil Rights Act of 1964, from the Defendant.

Plaintiff further prays for such additional relief as the interests of justice may require.

## VIII. CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Date of signing: June 21, 2024

PLAINTIFF:

NEFERTITI ABDULLAH, Pro Se

5